## Case No. 6,554.

### HOBSON v. McARTHUR et al.

[3 McLean, 241.] [1]

Circuit Court, D. Ohio.   July Term, 1843.

DEMURRER—PLEADING—OYER OF DEED.

1. A demurrer to the declaration raises the question of law, whether the plaintiff, from the facts stated, is entitled to recover.

2. In pleading, it is not necessary to state what is merely matter of evidence.

3. If a party partially states a deed, which is defective, or contains matter qualifying the part stated, the defendant may crave oyer of the deed, and set forth the whole, and then demur.

[Cited in State v. Peck, 53 Me. 128.]

At law.

Mr. Stanbury, for plaintiff.

Mr. Vinton, for defendants.

LEAVITT, District Judge (McLEAN, Circuit Justice, Absent). The declaration in this case is in covenant, and a question as to its sufficiency is presented to the court by a special demurrer. Three several causes of demurrer are set forth; but they may all be considered as substantially presenting but one inquiry, namely, whether any cause of action appears in the declaration, entitling the plaintiff on the face of it, to a recovery in this action. The declaration sets forth a contract between the plaintiff and D. McArthur, dated the 25th of September, 1830, reciting a previous contract between said parties and one John Hobson, (who subsequently assigned his interest to McArthur,) dated in November, 1810, respecting the withdrawal and relocation of certain land warrants, in which they were jointly interested; and further, that in May, 1830, by an act of congress, the parties were permitted to relinquish their entries to the United States, and were to be compensated for them, according to a valuation provided for in the act; and also, that the parties having disagreed as to their rights, under the contract of 1810, a suit in chancery was instituted by McArthur against the plaintiff, and an injunction obtained restraining him from receiving any money from the United States, under said act, till a further hearing; that the parties, being desirous that the money appropriated should not remain inactive during the pendency of the chancery suit, agreed that the plaintiff should assign all his interest in the land warrants to McArthur, to enable the latter to obtain the money from the treasury of the United States; the said McArthur paying to plaintiff the sum of eleven thousand five hundred

dollars, and retaining the balance in his hands. Here follows a covenant by McArthur, that if in the chancery suit it should be decreed, that the plaintiff, directly or indirectly, should be entitled to any greater proportion of the money, it was to be paid to him, with interest, at the Bank of Chillicothe; and it was stipulated, that this covenant should be held to embrace "any judgment, order or decree, which might produce this result." It is then averred, that the plaintiff performed this part of his covenant, and that the sum of fifty-seven thousand six hundred and eight dollars was received by McArthur from the United States. It is then further averred, that such proceedings were had in the chancery suit, as that a decree, dismissing the bill, was entered in the supreme court of the United States, at January term, 1842 [16 Pet. (41 U. S.) 182]. There is then a further averment, that in virtue of said decree, the plaintiff is entitled to recover of the defendants the sum of three thousand two hundred and one dollars, with interest. The declaration concludes with the usual averment of notice to defendants, and of the non-payment of said sum, at the Bank of Chillicothe.

It is a well established rule in pleading, that on a demurrer, all the facts set forth, in the pleading demurred to, which are properly pleaded, are to be taken as admitted. In deciding on the sufficiency of this declaration, the court is therefore to be governed by what appears on its face, and cannot go into matters that are extrinsic. With this principle in view, we are called upon to say, whether the plaintiff has made out such a case, as will entitle him to a recovery. The principal inquiry arising on this demurrer, is, whether the plaintiff has shown with sufficient fulness and certainty, that he is entitled to the sum claimed, by the operation of the decree in the chancery proceeding. It is insisted by the counsel for the defendants, that the rights of these parties are not definitively settled by this decree, and that the declaration shows nothing from which the deduction can be made, that the decree establishes a liability on the part of the defendants, to pay the sum claimed, or any other sum. The covenant between these parties, as set forth in the declaration, is, substantially, that McArthur shall pay the plaintiff such sum, in addition to the eleven thousand five hundred dollars, as, under the operation of the decree, shall appear to be due to him. It is considered clear, that in the covenant, as set out in the declaration, in which reference is had to the final disposition of the chancery suit, a decree for money alone was not within their contemplation. It looks to any decree which, in its results, shall show that McArthur is liable to the payment of any further sum to this plaintiff. And it is very clear, that the plaintiff cannot recover, in this action, without proof establishing this

---

1 [Reported by Hon. John McLean, Circuit Justice.]

liability. But, is not the averment, that, under the decree, the defendants are liable to pay the sum claimed, sufficient, in connection with the other matters set out in the declaration, to show a good cause of action, and put them to their plea, and to an issue of fact? In pleading, it is not necessary to state what is merely matter of evidence. Steph. Pl. 388. It was not necessary, therefore, that the plaintiff should set out the facts or process by which the liability of the defendants was to be established under the decree. This would lead to great prolixity, and is a mode of pleading condemned by all writers on that branch of the law. Id. 400.

It was contended in the argument on this demurrer, that the contracts set forth in the declaration were to be regarded as before the court for construction; and, that if the court were satisfied from their examination of the contracts, that the plaintiff has no cause of action, the demurrer must be sustained. This position is no doubt tenable, where the pleader sets out the contract in haec verba. 1 Chit. Pl. (8th Am. Ed.) 306. But, where he professes only to set it out in part, or according to its legal effect, the court will not give a construction to the contract, on a demurrer. If a party "partially states a deed, which is defective, or contains matter qualifying the part stated, the defendant may crave oyer of the deed, and set forth the whole, thereby making it a part of the declaration, and then demur, either in respect to the defect in the deed, or the improper manner in which the plaintiff has stated it." Id. 665. The defendant has not pursued this course in this case; and, confining our inquiry to the face of the declaration, we can perceive no sufficient ground for declaring it defective. The demurrer is therefore overruled.